(Lucas County Court of Common Pleas.)

JOHN SWAN, Surviving Partner of Swan, Rose & Co., and Erskine H. Potter, Assignee in Bankruptcy of Robert H. McMann, et als., v. THE MANSFIELD, COLDWATER & LAKE MICHIGAN RAILROAD COMPANY, et als.

———

*Insolvent corporation—Stockholders' liability—Finality of judgment enforcing liability of stockholders.*

An action having been brought by a creditor on behalf of himself and all other creditors of an insolvent corporation, against the stockholders to enforce their statutory liability, and judgment having been rendered against the stockholders in the circuit court, for twenty-five per cent. of the value of their stock, upon an action now brought by a creditor of the corporation to enforce against the stockholders payment of a judgment obtained against the corporation, after the commencement of the former action, but before final decree therein in the circuit court, upon demurrer to the petition held:

1. That the final judgment in the circuit court conclusively estopped the plaintiff, and all other creditors, from prosecuting any further action, in this state, to enforce the individual liability of the stockholders of that company.

2. That such judgment was a final determination of all liability of the stockholders who were parties both as subscribers and also as holders of stock.

3. That the judgment of the circuit court remained final and conclusive so long as it remained unreversed, and not otherwise vacated, notwithstanding the pendency of proceedings in error in the Supreme Court.

———

PRATT J.

The question submitted to me at this time arises upon demurrers, filed by different defendants to plaintiff's petition; and the decision is now wholly upon this question, no other pleadings being before me at this time, and no questions than those arising upon the petition having been discussed by counsel or considered by me.

The petition was filed on the 14th of August, 1895, by John Swan, as surviving partner of the firm of Swan, Rose & Co., and E. H. Potter, as Assignee in Bankruptcy of Robert H. McMann, another surviving member of that firm—the other members of the firm being dead. The action is brought against The Mansfield, Coldwater & Lake Erie Railroad Company, and a very large number—some 2,000—other defendants, as stockholders in that Railroad Company

The petition alleges that the Railroad Company was organized in the year 1871, and owned a line of road extending from Mansfield, in Richland county, Ohio, in and through the counties of Fulton and Richland, its capital stock being $4,5000,000, in shares of $50 each. That the Pennsylvania Company, one of the defendants, was a corporation organized under the laws of Pennsylvania, and autorhized to subscribe for and own stock in other corporations; that on the 10th of June, 1874, Swan, Rose & Co,. commenced in the Court of Common Pleas of Fulton County, their action against the Railroad Company, and on the 26th of March, 1892, recovered a judgment for $922,-584.04, against the Railroad Company; that execution was issued June 4th, 1895, and returned "No property." It alleges the death of two of the partners, the bankruptcy of McMann and the appointment of Potter as assignee in bankruptcy. The petition then alleges that on the 31st of March, 1877, Stephen B. Sturges, a creditor of the Railroad Company, "commenced an action on behalf of himself and other creditors of said company, in the Court of Common Pleas of Richland County, Ohio, against the said the last-named company and its several stockholders, the defendants herein, for the pur-

pose of enforcing the statutory liability of said stockholdesr for the indebtedness of said company.''

And as to that action it is further alleged that a final degree in the Court of Common Pleas was rendered September 1st, 1890, and appealed to the Circuit Court of that county, and that in February, 1893, "a final decree and judgment was rendered therein against each of the stock-holders, severally, who were then parties defendant in said suit, but not against all the persons who were in fact stockholders in said company, in a sum not exceeding twenty-five per cent, of the stock of said company severally owned by said defendants who were such actual parties, and that proceedings in error, to reverse said judgment, are now pending in the Supreme Court of Ohio.''

That is all that appears in the petition in reference to this Sturges action; and what is intended by the clause "but not against all the persons who were in fact stockholders in said company,'' does not seem clear to me, when taken in connection with the statement that the Sturges suit was "aganist the several stockholders defendants herein'' If the defedants there are the same as the defendants here, I fail to see the purpose or effect of this allegation.

The petition then further alleges that the defendants herein—except the Railroad Company—were at the time when the indebtedness accrued on which plaintiff's judgment was rendered, and still ar., owners of the stock of the said Railroad Company. That the Pennsylvania Company was an original subscriber for, and a holder of, $1,500,000, of that stock, and that the plaintiff does not know the amount of stock held by other defendants. It then alleges that the Pennsylvania Company has not paid its subscription price, and that neither it or any of the other defendants have paid more that 25 per cent. of their statutory liability.

The prayer of the petition is for the recovery of all stock subsciptions, and "that each stock-holder be required to pay upon his statutory liability the amount found due upon the stock held by him, to satisfy the claim of plaintiffs and the costs of suit, and for all other equitable relief.''

The Pennsylvania Company demur to the petition, upon the following grounds:

1. "Now comes said defendant, the Pennsylvania Company, and demurs to the cause of action set forth in the petition of said plaintiffs to enforce the individual liability of the stock-holders of the Mansfield, Coldwater & Lake Michigan Railroad Company for the payment of the debts of that company on the ground that said cause of action does not state facts sufficint to constitute a cause of action.''

2. "Said Pennsylvania Company also demurs to the cause of action set forth in said petition to subject to the payment of the alleged judgment of the plaintiffs an alleged indebtedness of said Pennsylvania Company to said Mansfield, Coldwater & Lake Michigan Railroad Company, upon an alleged sub-

scription for stock in said last-named company, on the ground that said cause of action does not state facts sufficient to constitute a cause of action.''

3. "Said Pennsylvania Company also demurs to the petition of said plaintiffs on the ground that said petition does not state facts sufficient to constitute a cause of action.''

Two of the other defendants, Charlotte Spice and G. F. Carpenter, file their demurrer, containing the following grounds:

1. The allegations thereof do not contain a cause of action against this defendant or either of them''

2 "Plaintiff's petition shows that the cause of action occurred more than fifteen years ago, and it is therefore barred by the Statute of Limitations.''

Numerous other defendants have filed demurrers, but the grounds stated in these two, cover substantially all those stated in the other demurrers, and they have all been submitted upon the arguments of counsel on behalf of the above demurrants.

It is unnecessary to do more than to refer simply to Section 3, Art II, Constitution of 1851, and to say that on May 1st, 1852, the legislature of Ohio, in accordance with the provision of this section of the constitution, passed "An act to provide for the creation and regulation of incorporated companies in Ohio.'' Section 78 of this statute made provision as to this stockholders' liability. This was amended May, 11, 1854, and, as so amended, stood without any change in its phraseology, until the revision of 1880 was made. A part of section 78, as passed in 1854, provided, as to this individual liability, as follows:

"Section 1. Individual liability. Be, etc., That the seventy-eighth section of the act to which this is an amendment (c. 1196, p. 1897) be so amended as to read as follows: Section 78. All stock-holders of any railroad, turnpike or plank-road, magnetic, telegraph or bridge company, or any joint-stock company organized under the provisions of this act, shall be deemed and held liable to an amount equal to their stock subscribed in addition to said stock, for the purpose of securing the creditors of such company, etc.''

By the Revision of 1880, this became section 3258; which reads as follows:

"Section 3258. The stockholders of a corporation which may be hereafter formed, and such stock-holders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation.

It may be noticed that section 78 was somewhat changed in the revision; there being added, after the words "stock subscribed'' the words "or otherwise acquired''. But this change is not material to any inquiry here.

Section 3259, defining the term "stockholder,'' and section 3260, providing for the form of proceedings in which this liability

should be enforced, were first enacted and made a part of the statute by the revision of 1880. Section 3259 still remains as the statute in force.

Section 3260 was amended March 22, 194, (Vol. 91, page 88), when the following new provision was inserted:

"And when a creditor has prosecuted against a corporation an action of (at) law begun before any action to enforce the stockholder's liability, and has recovered final judgment only after such an action to enforce the stock-hoder's liability has been prosecuted to a final decree in the court in which the action was commenced, such judgment creditior may bring a like action against the stockholders of the corporation to enforce such judgment at any time within four years after the recovery of his said judgment, but the stockholder shall not be liable for any amount in excess of that provided in Section 3258.

Counsel, in support of demurrers, have maintained the following propositions:

1. The final adjudication by the Richland Circuit Court in the Sturges case conclusively estopped the plaintiff and all other creditors of the Mansfield Company from prosecuting any other action in this state to enfocre the individual liaiblity of the stockholders of that company.

2. If the proceedings and judgment in the Sturges case did not conclude the rights of all the creditors of the Mansfield Company against its stockholders. including the right of Swan, Rose & Co., then the right of action of the latter against such stockholders was barred by the statute of limitations before the amendment of March 22, 1894, to Section 3260 was enacted.

3. That the amendment made in 1894 to Section 3260, 'does not aid the plaintiff, for the reason: First, that if retrospective, it is unconstitutional. Second, It is not retrospective. Third, the case stated does not fall within the purview of the statute.

I

As to the plaintiff's First proposition.

The plaintiff's right of action' is based upon the allegations of the petition as to the following facts:

1. That prior to and on June 10, 1874, Swan, Rose & Co. were creditors of the defendant Railroad Company.

2. That the several defendants herein were, at he time of the accruing of that indebtedness, holders of stock of the Railroad Company.

3. The insolvency of that company.

These necessary facts sufficiently appear from the allegations of the petition; and if nothing further appeared in the petition, and no allegation were made in it of the Sturges action, but two objections could have been urged to the petition upon demurrer: First, That it was brought in behalf of the plaintiff alone, and not in behalf of all the creditors of the Company. Second, The statute of limitations.

To avoid these two objections, plaintiffs have made the allegations contained in the

petition in reference to the Sturges action and the proceedings thereunder, and also rely upon the amendment made in 1894 to Section 3260.

In its allegations in reference to this Sturges action, the petition here does not state the pleadings in that action, nor show whether there were any allegations in those pleadings, or any facts appearing in that case as to the insolvency of the company, either at the time of the commencement or during the pendency of the action, or at the time of the decree therein, either in the Common Pleas or the Circuit Court; but it being alleged that the court did entertain the action and render a decree therein, and the fact of the insolvency being necessary to such action of the court, we must presume that the insolvency was sufficiently alleged and shown in that case.

This brings us squarely to the question as to the finality of that decree.

Plaintiffs, in their petition, allege that the decree of the Richland Circuit Court was a final decree and judgment against each of the stockholders who were parties, and by the way of qualification, makes three further allegations, substantially as follows:

First, That all the stockholders were not parties. Second, That proceedings to reverse that judgment are now pending in the Supreme Court. Third, That the judgment did not exceed twenty-five per cent of the face of the stock held by each stockholder.

As to the first of these qualifications, I have already said that it appears by the petition that the stockholders, parties defendant there were the same as those now defendants in this action.

As to the second. the pending proceedings in error in the Supreme Court do not vacate the judgment of the Circuit Court: It was and is no less a final judgment because of the pendency in error in the Supreme Court.

Counsel for the plaintiff, in one part of their brief, makes the claim that the Sturges action has not been finally determined, because of the pendency of these proceedings in the Supreme Court, but have not cited any authority in support of that position, and I am of the opinion that the claim so made cannot be sustained.

The third of these propositions requires more full consideration. The contention of plaintiff's counsel is, substantially—and may be briefly stated as follows: That the fund provided by Section 3258, as security for all classes of creditors. has not been by the action of the court in the Sturges case, fully exhausted, but that the stockholders having there been required to pay but 25 per cent of this statutory liability, the remaining 75 per cent —or so much thereof as may be necessary—remains as an additional fund of undistributed 'assets which any creditor which has not been paid still may reach by proper proceedings. Plaintiffs concede that they cannot disturb the action of the court so far as the 25 per cent of this liability has been adjudged and enforced as against the stockholders, nor the distribution of the money

that may have been realized under the judgment in that case.

It is further earnestly and ably contended that, it appearing by the allegations of the petition that the plaintiffs herein not having been actual parties to the record in the Sturges case, are not precluded or estopped from the commenement of an action to subject this remaining statutory liability of the defendants to the payment of their judgment; that this liability existed prior to the amendment of 1894 to Section 3260, and that the right being then in existence, it was competent for the legislature to provide by that amendment for the method of enforcing this liability.

Counsel cited and rely upon, as directly supporting this proposition, Hamilton & Rockfellew v. Insurance Co., 1 Ohio Nisi Prius Reports, 329. The decision there was by Judge Evans, of the Franklin Common Pleas, and supports the plaintiff's contention, with this qualification: the decision there is based largely upon the absence of knowledge on the part of the creditors in that case of the pendency of the proceedings, and upon the fact that these creditors were, at the time of these proceedings, non-residents of the state. The learned judge says, on page 330:

"A final decree, in an action of the nature contemplated by Section 3260, is conclusive as to all the corporate creditors who were actual parties to that action, either as plaintiffs or cross-petitioners, and it is equally conclusive as to all such creditors who were parties thereto by representation only, who accepted the benefit of such decree; and, also as to all such creditors who, although not actual parties thereto, had notice of the pendency of the action, ann an opportunity to come in and exhibit their claims, but who refused or neglected to do so. But the plaintiffs in this action, Hamilton & Rockefellow, who are now seeking relief, were not actual parties to the former action; they received none of its benefits, were non-residents of Ohio, had no notice of the former action for more than two years after the final decree thereon was entered."

And further on, on the same page, he says: "The facts and circumstances of this case as disclosed by the pleadings and evidence, induce the belief that the decree which the defendants have pleaded in bar in this action, is not conclusive of the rights of Hamilton & Rockefellow in this action. They did not have notice 'of the pendency of the former action,' have not had a day in court, nor an opportunity to 'come in' in the former action and exhibit their claim, and obtain the relief which they should have received.

The correctness of the position, that the want of actual notice to a particular creditor during the pendency of such a case, would enable him to come in with a new action, after the rendering of a final decree therein, seems to me—with all due deference to the opinion of the learned judge—to be one still open for discussion.

Judge Evans refers to, and counsel for plaintiffs cite, the language used in Pomeroy's Remedies in support of the rule claimed: that "when one brings an action on behalf of himself and others, that in order to be bound by the decree in the case, a party other than the actual plaintiff, must, in some way and by some affirmative act on his part, come in and adopt the act of the plaintiff in bringing suit."

Mr. Pomeroy devotes an entire chapter to the discussion of the Code provision stated by him in his Section 388—the first in the chapter— and, in a note, cites Section 37 of our code (now Section 5008 of the Revised Statutes.) The statutory provision, as quoted by Mr. Pomeroy, is as follows:

When the question is one of a common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

It will be seen, by comparison, that this is the exact language used in the Section of the Ohio code. The discussion therefore, of the learned author in this chapter must be taken in connection with this provision of the statute, with similar provisions; as, for instance, the provisions in reference to assignments by failing debtors, where publication is made to creditors to come in and unite in an action, and for the priority of such creditors in the distribution of the proceeds of such action, and I seriously question the propriety of applying all that Mr. Pomeroy says in this chapter to an action brought to enforce the stockholders' liability.

Counsel also cite, and rely upon Section 545 of Black on Judgments. In that section the author is referring to proceedings for the foreclosure of corporation mortgages, where the parties are so numerous as to render it impracticable to bring into the case all the lienholders, and where provision is made permitting such lien holders to come in and prove their claims and share in the distribution. The author cites Carpenter v. Canal Co., 35 Ohio St., 307; and Kerr v. Blodgett, 48 New York 66. Both these cases are discussed by counsel both for the plaintiff and defendants. The Ohio case arose under Section 37, (now 5008) of our code, and the court says in its opinion, on page 316, after citing that section:

And no doubt a judgment or order in such case is binding on all persons standing in the like predicament; but the court will take "care that sufficient persons are before it honestly, fairly and fully to ascertain and try the general right in contest." Storys' Eq. Pl. Section 120.

Counsel for the plaintiff claims that this statement was not important in the case, for the reason that it appeared that the creditor there had proven his claim before the master, and it may therefore be said that this statement of the court is mere dicta.

The case in 48 New York, was one in insolvency, where, under a statute similar to our own, notice to creditors had been made

public, and the court held that all creditors who failed to come in were barred—whether they had or had not notice of the proceedings. This case is therefore not directly in point here, although the opinion of the court as delivered by Judge Earl, states, in very vigorous language, supported by high authority, rules of equity which are worthy of careful consideration.

Not, however, consuming further time or space in discussing the views of either text writers or decisions as to general rules of equity applicable to different classes of creditors in different kinds of equity proceedings, I will come directly to the discussion of the questions affecting the rights of creditors and the liabilities of stock-holders under the Ohio Statute, as construed by the decisions of our own state. And in considering this question under our statute, and as shown by Ohio decisions, I am of the opinion that the following principles must be kept in mind:

1. This liability is purely a creature of the statute; it is wholly unknown to the common law. Neither at law nor in equity was a stockholder liable for the payment of the debts of a corporation in which he held stock; he only risked the loss of the investment made by him in the subscription for or purchase of his stock. The statute creates a new right, and where the statute itself prescribes a remedy, that remedy must be exclusively followed.

2. While this liability is, in Ohio, an individual and several liability of the stockholder, on which a personal judgment may be rendered against him, yet it is not an absolute and unconditional liability, enforcible against him in any event for the full amount. It is not a primary obligation to pay the debts of the corporation, but only a secondary and collateral obligation, enforcible in case of the insolvency of the corporation, requiring him to contribute in connection with other stockholders, in proportion that the amount of his stock bears to the whole, to a common fund as security for the payment of the debts of the corporation.

3. No right is given to any individual creditor to hold either any stockholders or all the stockholders liable for the payment of his separate debt, to the exclusion or regardless of the rights of other creditors. Each creditor has a right to require that all the stockholders shall contribute to this common fund. to an amount not in excess of the face of their stock, and that he shall have in common with all other creditors, his pro rata share of that fund. These were the rights and liabilities existing between the creditors and the stockholders of this Railroad Company under section 3258, prior to the enactment either of the original Section 3260. or its amendment. Neither the original act regulating the creation and regulation of corporations under the constitution of 1851, nor any amendment of the same down to the revision of 1880, designated the kind of action, or prescribed the mode of proceedings under which this lia-

bility was to be enforced. There has at all times been, and still is, great diversity in the statutes of different states in their provisions as to the liability of stock-holders in corporations, and as to the methods of enforcement of this liability. And prior to the decisions in 17 Ohio St., it was claimed, upon analogy with proceedings in other states for the enforcement of this liability, that any creditor, upon obtaining judgment against a corporation, and upon an execution upon such judgment being returned unsatisfied, might bring his separate action against any of the stockholders of the corporation, and have personal judgment against them, or either of them, to the amount of his debt, limited only by the amount of the stock held. This was the practice in this court prior to these decisions, and it was such a judgment that was reversed in the case of Wright v. McCormack, 17 Ohio St. 37. That decision, however, and the decision in the case of Umsted v. Buskirk, in the same volume, page 114, have furnished the basis of all subsequent proceedings, and were substantially incorporated into the statutes by enactment of Section 3260, in the revision of 1880. The pertinency and importance of the decision in Wright v. McCormack, will sufficiently appear from the following quotations from the opinion of Judge White, who announced the opinion of the court above in that case and in the case of Umsted v. Buskirk. On page 93 the Judge says:

"The object of the second defense is to set up the pendency of the suit in the Hocking Common Pleas as a bar, and to turn the plaintiff, McCormack, over to that action for his remedy; thus relieving the defendants of the burden of being required to respond in separate suits, instituted in different courts, for the enforcement of their liability."

And, on page 96, he concludes the opinion of the court in the following language:

The liability on the part of the stockholders is several in its nature, but the right arising out of this liability would seem to be intended for the common and equal benefit of all the creditors. But, however this may be, we are unanimously of the opinion that, where proceedings are instituted by part of the creditors of an insolvent corporation against the stockholders, to enforce such liability for the benefit of all the creditors, no creditor can acquire priority, or institute a separate suit for the enforcement of such liability in his own behalf.

"The final judgment of the Common Pleas, and the judgment sustaining the demurrer to the second defense are reversed, and the cause remanded for further proceedings."

The slylabus in the case of Umsted v. Buskirk, page 114, embodies these principles fully.

I have been furnished by counsel for the demurrants, both in oral and written argument, an exhaustve review of all the Ohio cases touching the question of the finality of the judgment or decree in the Sturges case.

It is not, however, important that I should follow them in this review; my province is only to give the conclusions to which I have arrived.

I have also listened carefully to the able argument of the distinguished counsel for the plaintiff—who has since so suddenly died —and fully examined his brief, and the extended notes which I took of his oral argument. and my clear conviction, after the best consideration which I am able to give to the subject, is, that this first position of counsel for the demurrant is fully sustained by and in full accord with the unbroken line of Ohio decisions upon the subject of the liability of stockholders and the rights and remedies of creditors of corporations under the statutes of Ohio.

In view, however, of the pertinency of the decision and the main argument of counsel for the plaintiff upon this question, I make special reference to the case of Bullock v. Kilgore, 39 Ohio St. 543. In that case there had been an action by one creditor for the benefit of all. Judgment had been rendered against the stockholders for a certain percentage of the stockholders' liability, leaving the balance unexhausted. After the final decree in that case, a supplemental petition was filed seeking to make a further charge against the stockholders because of the failure—by reason of the insolvency of some of the stockholders—to realize the full amount of the debts of the corporation. The court, after stating the object and purpose of the action, and referring. among others, to the case of Umsted v. Buskirk, on page 546, concludes its opinion as follows:

"Bullock and Lewis were parties defendant, and the cause of action against them existed at the time the suit was brought, whether their liability, as stockholders. attached at that time. or when the debts of the company were contracted. It was the duty of the court, under the allegations of the petition, to determine the extent of their liability, whether primary or ultimate, and the court did determine that they were the holders of stock to the amount of sixteen hundred dollars, and were therefore liable to contribute towards the payment of the company's debts, the sum of six hundred and fifty-two dollars, for which judgment was rendered against them. While this judgment remains in force it is a conclusive determation of their liability as stock-holders to pay the amount of such judgment, and no more."

In my opinion, the language there used should be applied to this case, and that so long as the judgment of the Richland County Circuit Court remains in force, it is a conclusive determination of the liability of the defendant stockholders in this case.

Counsel in argument have not discussed the question, whether the allegation in the petition. made against the Pennsylvania Company, and not against any other defendant, that it was an original subscriber to the stock and had not paid any part of the subscription price, placed that company in any different position, so far as this demurrer is concerned, from that of other stock-holders.

I presume that it is conceded that if the judgment in the Sturges case is final, it is so as to any and every stockholder who was a party as to all of such liability "whether primary or ultimate." I hold that it was so final as to the Pennsylvania Company, notwithstanding that allegation. If I am wrong as to the finality of the judgment, then the question of payment or non-payment of the subscription price might be important in determining the amount or extent of the liability. In this view of the case, it is unnecessary for me at this time to consider any of the other questions so fully and ably argued by the respective counsel. If this judgment of the Circuit Court should be reversed in the Supreme Court, or in any other way vacated, these questions, or some of them, or perhaps other important questions. may arise; but we need not now either discuss or anticipate them.

The demurrers will be sustained.

Hurd, Brumback and Thatcher, for plaintiffs.

Harrison, Olds, & Henderson, Judge Dirlam, and E. W. Tolerton, for defendants.